**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON**

BRIAN C. MORGAN,

        **Plaintiff,**

v.                                  **Case No. 2:13-cv-30454**

JAMES RUBENSTEIN, Commissioner,
Division of Corrections, et al.,

        **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The matter is presently before the court on initial screening pursuant to 28 U.S.C. § 1915A.

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915A, the court is obliged to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. This screening is generally done prior to consideration of an Application to Proceed without Prepayment of Fees and Costs, and notwithstanding the payment of any filing fee. A "frivolous" case has been defined as one which is based on an indisputably meritless

legal theory.  *Denton v. Hernandez*, 504 U.S. 25 (1992).  A "frivolous" claim lacks "an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints.  However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face."  While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case.  The Court wrote:

> Two working principles underlie our decision in *Twombly*.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted).  Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  *Id.*, at 556.
>
> * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.[1]

## RELEVANT PROCEDURAL HISTORY

The plaintiff's initial Complaint (ECF No. 3) was filed on November 27, 2013, alleging that the plaintiff was stabbed by an unidentified inmate on the yard of the Mount Olive Correctional Complex ("MOCC") when no officer on the yard was watching. The plaintiff alleges that this assault occurred because he is a sex offender and sex offenders are targeted for violence by other inmates in the prison.   Thereafter, the plaintiff filed additional documentation in support of his Complaint, consisting of inmate grievance documents and requests for legal advice concerning the naming of John Doe defendants.  (ECF Nos. 4, 8 and 9).

On December 9, 2013, the plaintiff filed a document that was construed as an Amended Complaint (ECF No. 10).  The Amended Complaint named James Rubenstein, the Commissioner of Corrections, David Ballard, the Warden at MOCC, and three John Does:  John Doe I, Associate Warden of Security, John Doe II, Shift Commander, and John Doe III, Yard Guard, as defendants.  The Amended Complaint repeats the plaintiff's allegations that he was stabbed by an unidentified assailant on his way to the dining hall for dinner.  The plaintiff's Amended Complaint further alleges that he told John Bess, the Oak Hall Unit Manager (who is not a named defendant) about the incident, and that Bess said he would look into it, but ultimately took no action.  (*Id.* at 6).

---

[1]  Because service of process has not occurred, a motion to dismiss has not been filed in this case.  Such a motion, filed pursuant to Rule 12(b)(6), *Fed. R. Civ. P.*, asserts that the complaint fails "to state a claim upon which relief can be granted," which is the same standard set forth in 28 U.S.C. § 1915A.

Then, on May 29, 2014, the plaintiff filed documents that were construed as a Letter-Form Motion to Amend Complaint, and a proposed Second Amended Complaint, with additional documentation in support thereof.    (ECF No. 20).    The material difference between the Amended Complaint (ECF No. 10) and the proposed Second Amended Complaint (ECF No. 20, Attach. 1) appears to be the plaintiff's identification of John Doe I, the Associate Warden of Security, as Jonathan Frame.

The court had still not completed the initial screening of any of the plaintiff's Complaint documents when, on June 30, 2014, the plaintiff filed another "Amended Complaint."  (ECF No. 23).

The undersigned has granted the Letter-Form Motion to Amend Complaint, and will treat the most recent "Amended Complaint" (ECF No. 23), filed on June 30, 2014, as the Amended Complaint upon which the plaintiff wishes to proceed.  The Amended Complaint names James Rubenstein, the Commissioner of the West Virginia Division of Corrections, David Ballard, the Warden at MOCC, Paul Parry, the Associate Warden of Security at MOCC, Officer John Doe I and Shift Commander John Doe II, as defendants. The Amended Complaint alleges that the plaintiff has been "targeted on numerous occasions here at MOCC because I have sex charges."   (ECF No. 23 at 3, ¶ 8).   The plaintiff further alleges that, prior to the incident that is the focus of the Amended Complaint, the plaintiff had previously almost been hit in the head with a large rock and a softball while walking through the prison yard, and describes other actions by inmates that have "terrorized" him, allegedly due to his sex offender status.  (*Id.*)

The Amended Complaint specifically asserts that, around 6:30 p.m. on December 28, 2011, the plaintiff was assaulted and stabbed by an unidentified inmate on his way to dinner.  The Amended Complaint specifically alleges as follows:

4

11.     On December 28, 2011, around 6:30 p.m., it all came to a head.  The pod was called for chow (dinner).  Consequently, the generator was broke down and the yard was closed.  When the yard is closed, we are told that there's no stragglers, which means we are all bunched up in a group walking together.  It was dark outside when we all left the pod.  The guards are supposed to be posted on all corners of the yard and are supposed to be right there watching to prevent attacks like mine however not on this night.  When yard closed it's a requirement for them (COs) to be on every corner of the yard watching inmate movement.

12.     As we got half way to the gym from the pod one of the guys in the crowd came up and stabbed and punched me I was stabbed in the neck and it knicked [sic; nicked] my juggler [sic; jugular] vein.

13.     I was taken to the hospital because of being stabbed.

14.     As a proximate result of the violent attack and stabbing, I suffered a puncture wound that was an inch and one eighth deep.  I had internal bleeding in my chest, I now have a large scar.  The Doctor said that it knicked [sic; nicked] my juggler [sic; jugular] vein.  I have a loss of vision, high blood [pressure?], My thyroid gland went through the roof.  I am paranoid, anxious, trouble sleeping, and in constant fear of my life.

15.     The investigation conducted was limited to little to known [sic; none?]  I have never heard anything regarding the attack.  There were numerous cameras out on the yard that could have easily identified the perpetrator.  There were numerous witnesses who would have gave a statement but no one was ever interviewed that I am aware of.

16.     Plaintiff has exhausted administrative remedies on all counts of the use of force.

(ECF No. 23 at 3-4).

The Amended Complaint contains one count, alleging that the defendants were deliberately indifferent to the plaintiff's safety, causing him harm.  (*Id.* at 4).  In further support of this claim, the plaintiff alleges:

19.     The Defendants' actions were willful, wanton, intentional, malicious and done with callous, reckless and deliberate indifference to Plaintiff's safety.  The Defendants disregarded an excessive risk to the plaintiff's safety.

20.    The Defendants' negligent failure to protect the Plaintiff from violence and attacks from other inmates in there is a known risk constituted deliberate indifference to his safety.

21.    The defendants failed to follow the strict requirements and policies that is put in place to protect and prevent inmates from being assaulted and stabbed for example when the yard is locked down they are required to be placed on the yard at every corner and they are suppose[d] to be watching the inmates all the way to the chow hall and back.

22.    This is also cruel and unusual punishment that as an inmate with a sex charge I have to live every day like this when others do not.

(*Id.* at 4).  The plaintiff's Amended Complaint contains additional documents describing this incident and prior incidents in which the plaintiff was allegedly targeted by other inmates.  (*Id.* at 16-30).

The plaintiff seeks compensatory and punitive damages and attorney's fees and costs, and any other relief determined by the court to be just and appropriate.  (*Id.* at 4-5).  The plaintiff also seeks injunctive relief in the form of housing sex offenders at a different prison facility than prisoners convicted of other crimes.  (*Id.* at 5).  The plaintiff also suggests that he would "accept" a vacated or reduced sentence as a form of relief.  (*Id.*).

## ANALYSIS

In *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), the Supreme Court held that the Eighth Amendment to the Constitution "imposes duties on [prison] officials who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'"  The duty to guarantee an inmate's safety includes "a duty to protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S. at 828.

6

To sustain an Eighth Amendment claim, a prisoner must show two things: (1) "the deprivation must be, objectively, 'sufficiently serious;'" that is, "denial of 'the minimal civilized measure of life's necessities;'" and (2) the prison official had a "'sufficiently culpable state of mind;'" that is, "'deliberate indifference' to inmate health or safety." *Id.* at 834. (Citations omitted.)  The Supreme Court rejected an argument that an objective test of deliberate indifference be established.

> We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

While deliberate indifference on the part of prison officials to a specific known risk of harm states a claim under the Eighth Amendment to the United States Constitution, *see Pressly v. Hutto*, 816 F.2d 977, 979 (4th Cir. 1987), prison officials cannot be held liable under the Eighth Amendment unless they knew of and disregarded an excessive risk to inmate health or safety. *Farmer*, 511 U.S. at 847.  The negligent failure to protect inmates from violence will not suffice. *Pressly*, 816 F.2d at 979.

The plaintiff's Amended Complaint (ECF No. 23) does not allege that, prior to this incident, he had made any of the named defendants specifically aware of any particular threat or problems between himself and other inmates.  Moreover, the plaintiff's general assertions that the defendants knew or should have known of the possibility that inmates who have been convicted of a sexual offense or other offense involving a minor are targets in the prison is insufficient to establish liability under the Eighth Amendment on a failure-to-protect theory.

It is well-established that in order to successfully assert such a claim, a plaintiff must be able to establish that each individual defendant was actually subjectively aware of a specific risk of harm to the plaintiff from the inmate(s) involved, and that such a substantial risk was ignored by that defendant. The specific factual allegations in the plaintiff's Amended Complaint fail to establish that the named defendants had any actual knowledge of a specific threat to the plaintiff. Much of the plaintiff's Amended Complaint consists of speculative and conclusory statements and legal theories that are insufficient to state a plausible Eighth Amendment claim under the standards set forth in *Twombly* and *Iqbal*, *supra*. At most, the plaintiff's allegations might support a state law claim of negligence, which is not actionable under the Eighth Amendment, and must be brought in a state court, not federal court, as there is no diversity of citizenship between the parties. *See* 28 U.S.C. § 1332.

Thus, the factual allegations in the plaintiff's Amended Complaint, accepted as true, do not allow the court to draw a reasonable inference that any of the defendants are liable for the alleged misconduct. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Amended Complaint fails to state a facially plausible Eighth Amendment claim upon which relief can be granted.

Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the plaintiff's Amended Complaint and this civil action pursuant to 28 U.S.C. § 1915A. It is further respectfully **RECOMMENDED** that the presiding District Judge **DENY AS MOOT** the plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1), and waive the applicable filing fee.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston,

United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals.  Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy to the plaintiff.


 August 5, 2014

_____
Dwane L. Tinsley
United States Magistrate Judge