IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**BRIAN MORGAN,**

    **Plaintiff,**

v.                                         Case No. 2:13-cv-30454

**JOHN BESS,**

    **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court are Motions to Dismiss filed by both the plaintiff and the defendant (ECF Nos. 58 and 61). This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## RELEVANT PROCEDURAL HISTORY

The initial Complaint (ECF No. 3), which named "Mount Olive Correctional or W.V. D.O.C. State of West Virginia" as the defendant(s), was filed on November 27, 2013, alleging that, on December 28, 2011, the plaintiff was stabbed by an unidentified inmate on the yard of the Mount Olive Correctional Complex ("MOCC") when no officer on the yard was watching. The plaintiff alleges that this assault occurred because he is a sex offender and sex offenders are targeted for violence by other inmates in the prison.

The plaintiff subsequently filed numerous amendments to his Complaint, naming alternative or additional defendants and adding more detailed allegations. Ultimately,

the plaintiff's attempted amendments were consolidated into one "Second Amended Complaint" (ECF No. 47), which was docketed on April 28, 2015.

The central allegation in the Complaint documents is that John Bess, the unit manager of Oak Hall, and other unnamed "guards" failed to protect the plaintiff after he had allegedly told Bess about prior incidents of a softball and rocks being thrown at him.[1] According to the Second Amended Complaint documents, the plaintiff initially told Bess that a softball had been thrown at his head in or around July or August 0f 2011. The plaintiff further alleges that Bess stated that he would "look into it" but nothing was done. Although all of the Complaint documents contain allegations concerning Bess's conduct, Bess was not actually named as a defendant until the docketing of the Second Amended Complaint.[2]

### *The defendant's Motion to Dismiss*

Bess was served with process on or about October 28, 2016. On November 16, 2016, Bess filed a Motion to Dismiss (ECF No. 58) asserting that the plaintiff's claim(s) against him are untimely under the controlling two-year statute of limitations,[3] because any claim resulting from Bess's alleged failure to investigate the alleged softball incident would have accrued in July or August of 2011, and the initial Complaint herein was not filed until November 27, 2013, more than two years later. (ECF No. 59 at 4-5). Bess's

---

[1] In *Farmer v. Brennan*, 511 U.S. 825, 847 (1994), the Supreme Court held that prison officials may be liable under the Eighth Amendment for denying humane conditions of confinement if the official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."

[2] Consequently, Bess's Motion to Dismiss asserts that he was not on notice of the allegations against him until he was served with the Second Amended Complaint.

[3] *See Wilson v. Garcia*, 471 U.S. 261, 275, 278 (1985); *see also Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (the forum state's personal injury statute of limitations governs comparable claims under section 1983). In West Virginia, the personal injury statute of limitations is two years. *See* W. Va. Code § 55-2-12.

motion makes a similar assertion concerning any alleged claim arising out of the plaintiff's allegation that prison "guards" failed to protect him from an "imminent threat." (*Id.*)

Bess's motion further asserts that, following the alleged softball incident, the plaintiff was moved from Oak Hall to Paugh Hall, which Bess contends was a "reasonable measure to abate the 'softball' threat." (*Id.* at 9). Bess further asserts that the plaintiff has not alleged that Bess was charged with supervision or otherwise had any duty with respect to the plaintiff following his transfer to another unit. Thus, Bess asserts that the Complaint documents fail to state a claim upon which relief can be granted against him. (*Id.*)

### *The plaintiff's Motion to Dismiss*

On November 28, 2016, the Clerk's Office received and docketed a Letter-Form Motion to Dismiss filed by the plaintiff requesting that this matter be voluntarily dismissed because the plaintiff does not wish to pay the applicable filing fee and does not wish to pursue this matter (ECF No. 61).

Rule 41(a)(2) provides that, after the filing of an answer or dispositive motion by the defendant "an action may be dismissed at the plaintiff's request, only by court order, on terms that the court considers proper." F. R. Civ. P. 41(a)(2). Here, the plaintiff has advised the court that he no longer wishes to pursue this matter. Thus, the parties are in agreement that the matter should be dismissed. However, the remaining issue is whether such dismissal should be with or without prejudice.

Even if dismissal of this civil action is deemed to be without prejudice, it will, in all likelihood, operate as a dismissal with prejudice because any re-filing of a claim arising out of the incidents alleged by the plaintiff in his present Complaint documents would be

3

time-barred. Thus, the plaintiff is hereby **NOTIFIED** that the dismissal of this action shall operate as a dismissal with prejudice, unless he can demonstrate during the objection period described at the conclusion of this document that such dismissal should be without prejudice.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the plaintiff's Letter-Form Motion to Dismiss (ECF No. 61), **DENY AS MOOT** the defendant's Motion to Dismiss (ECF No. 58), and **DISMISS** this civil action pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*,

4

727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to the opposing party and Judge Johnston.

     The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

December 5, 2016

                                              Dwane L. Tinsley
                                              United States Magistrate Judge