IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BRIAN C. MORGAN,

                Plaintiff,

v.                              CIVIL ACTION NO. 2:13-cv-30454

JOHN BESS,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are both Plaintiff's and Defendant's Motions to Dismiss, (ECF Nos. 58, 61), and Plaintiff's letter-form Motion to Wave [sic] Filing Fee, (ECF No. 64). By Standing Order filed in this case on December 2, 2013, this action was referred to United States Magistrate Judge Dwane L. Tinsley for pretrial management and submission of proposed findings of fact and recommendations for disposition ("PF&R"). (ECF No. 6.) On December 5, 2016, Magistrate Judge Tinsley filed a PF&R, in which he recommends that the Court grant Plaintiff's Motion to Dismiss, (ECF No. 61), deny as moot Defendant's Motion to Dismiss, (ECF No. 58), and dismiss this civil action pursuant to Federal Rule of Civil Procedure 41(a)(2). (ECF No. 62 at 4.) On December 12, 2016, Plaintiff filed a timely Objection to Dismiss and be Without Prejudice ("Objection") to the PF&R. (ECF No. 63.)

For the reasons provided herein, the Court **OVERRULES** Plaintiff's Objection, (ECF No. 63), **ADOPTS** the PF&R, (ECF No. 62), to the extent it is consistent with this Memorandum

1

Opinion and Order, **GRANTS** Plaintiff's Motion to Dismiss, (ECF No. 61), **DENIES AS MOOT** Defendant's Motion to Dismiss, (ECF No. 58), **DENIES AS MOOT** Plaintiff's Motion to Wave [sic] Filing Fee, (ECF No. 64), and **DISMISSES WITH PREJUDICE** Plaintiff's Complaint.

## I. *Background*

This case involves a claim by an inmate at Mount Olive Correctional Complex ("MOCC") alleging that Defendant, the unit manager of Oak Hall at MOCC, failed to protect him following incidents where a softball and rocks were thrown at him, resulting in cruel and unusual punishment. (*See* ECF No. 47 at 1–4, 10.) Plaintiff originally filed his Complaint on November 27, 2013. (ECF No. 3.) After additional filings supplementing his Complaint and motions to amend his Complaint, Magistrate Judge Tinsley directed the Clerk, in accordance with this Court's memorandum opinion and order entered on March 12, 2015, (ECF No. 45), to file collectively the following documents as Plaintiff's Second Amended Complaint: ECF Nos. 34, 36, 37, 38, 39, 41, and 42. (ECF No. 46.) Plaintiff's Second Amended Complaint ("Complaint") was filed on April 28, 2015. (ECF No. 47.)

On November 16, 2016, Defendant filed a Motion to Dismiss. (ECF No. 58.) Plaintiff then filed a letter-form Motion to Dismiss on November 28, 2016. (ECF No. 61.) No responses were filed. Magistrate Judge Tinsley filed the PF&R on December 5, 2016, (ECF No. 62), and Plaintiff submitted a timely Objection on December 12, 2016, (ECF No. 63). Plaintiff filed his letter-form Motion to Wave [sic] Filing Fee on March 3, 2017. (ECF No. 64.) As such, the PF&R, the Objection, both Motions to Dismiss, and Plaintiff's Motion to Wave [sic] Filing Fee are fully briefed and ready for disposition.

## II. Legal Standard for Review of the PF&R

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3) (emphasis added). The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendations to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). However, "[t]he district court cannot artificially limit the scope of its review by resort to ordinary prudential rules, such as waiver, provided that proper objection to the magistrate's proposed finding or conclusion has been made and the appellant's right to de novo review by the district court thereby established." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). In reviewing the portion of the PF&R to which Plaintiff objects, this Court will consider the fact that Plaintiff is acting pro se, and his filings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

## III. Discussion

Plaintiff objects to Magistrate Judge Tinsley's recommendation in the PF&R that the Court dismiss this case with prejudice and argues instead that it should be dismissed without prejudice. (*See* ECF No. 63.) As explained by Magistrate Judge Tinsley in the PF&R, "[t]he central allegation in the Complaint documents is that John Bess, the unit manager of Oak Hall, and other unnamed 'guards' failed to protect the plaintiff after he had allegedly told Bess about prior

incidents of a softball and rocks being thrown at him." (ECF No. 62 at 1–2.) The statute of limitations for a personal injury claim like Plaintiff's is two years. *See* W. Va. Code § 55-2-12; *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (citing *Wilson v. Garcia*, 471 U.S. 261, 266–69 (1985); *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975)) ("[T]he court correctly observed that even though the limitation period is borrowed from state law, the question of when a cause of action *accrues* . . . remains one of federal law.") (emphasis in original). Plaintiff claims that he originally told Defendant that a softball was thrown at his head around July or August of 2011, (*see* ECF No. 47 at 1), but he did not initiate this case until November 27, 2013, (ECF No. 3). The PF&R provided that even if the Court dismisses Plaintiff's Complaint without prejudice, the statute of limitations would bar any later complaint from being filed. (ECF No. 62 at 3–4.) Therefore, Magistrate Judge Tinsley notified Plaintiff that dismissal would operate as dismissal with prejudice "unless he can demonstrate . . . that such dismissal should be without prejudice." (*Id.* at 4.)

Plaintiff's Objection reiterates many of the factual allegations from the Complaint before addressing the statute of limitations issue. Plaintiff writes, "How is that fair to provide an example of an imminent threat or danger but since the threat has existed for so long of a time that the statue [sic] of limitations goes back to the Stone age." (ECF No. 63 at 2.) He then states, "I don't see how this complaint could be time-barred because I filed it before the 2 year statue [sic] of limitations was up. How can the defendant have the right to say imminent threats were time-barred?" (*Id.* at 3.) Plaintiff seems to misconstrue the application of the statute of limitations as a possible barrier to his claim that depends on when prison officials became aware of the alleged incidents. (*See id.* at 3 ("The court should [sustain the Objection because] the defendants were

4

aware of threats made even if it was over 2 years from today.").) Plaintiff later filed a letter-form motion on March 3, 2017, in which he asks the Court dismiss his Complaint with or without prejudice for the purpose of avoiding deductions for his filing fee that are scheduled to begin in April. (ECF No. 64.)

Plaintiff's Complaint, which is a compilation of several documents filed by Plaintiff, alleges that a softball was thrown at his head "around July or August 2011." (ECF No. 47 at 1.) He further claims that rocks were thrown at his head every time he left the store at MOCC. (*Id.*) After notifying Defendant of the "softball threat incident," Defendant allegedly informed Plaintiff that he would "look into it." (*Id.*) Plaintiff claims to face "imminent threats constantly" due to his status as a sex offender and states that "[p]eople were throwing stuff at me daily." (*See id.* at 2, 12.) While Plaintiff claims that he faces "constant rock throwing and softballs," the incident that allegedly occurred during the summer of 2011 is the only incident related to thrown objects upon which Plaintiff expounds or provides any detail. (*See id.* at 5.) Plaintiff alleges another occurrence on December 28, 2011, when he was allegedly stabbed on his way to the chow hall, and he claims that was a result of Defendant's failure to protect him. (*See id.* at 14–16.)

The Court does not find that the Complaint alleges any events to have occurred since December 2011. Plaintiff states several times throughout the Complaint that he faces "imminent threats," but he does not allege the occurrence of any specific incident since the stabbing in December 2011. Plaintiff also does not allege any ongoing or continuing occurrence other than the two isolated incidents referred to herein. Thus, the latest that the Court can construe Plaintiff's cause of action as accruing is December 28, 2011, which is the date on which he was allegedly stabbed due to Defendant's failure to protect him. Applying West Virginia's two-year statute of

limitations to this accrual date, any action relating to Plaintiff's claims would have to be filed by December 28, 2013. Plaintiff's Complaint was initially filed on November 23, 2013, which was within the relevant time period. However, any subsequent action related to these claims will be time barred under the applicable statute of limitations, so a dismissal of this case will operate as a dismissal with prejudice. The Court finds that Plaintiff has not provided in the Objection any legal or factual basis for dismissing the Complaint without prejudice.

Regarding Plaintiff's letter-form Motion to Wave [sic] Filing Fee, he states that he "need[s] a ruling before April or [the] prison will start taking [his] money . . . ." (ECF No. 64.) He asks the Court to waive his filing fee and dismiss the case with or without prejudice. (*Id.*) Plaintiff filed two Applications to Proceed Without Prepayment of Fees and Costs, (ECF Nos. 1, 50), and Magistrate Judge Tinsley entered an order on October 25, 2016, wherein Plaintiff was notified that he could avoid the required filing fee by notifying the Court via written letter stating that he does not wish to prosecute this case. (ECF No. 55 at 2.) Plaintiff wrote such a letter and filed it on November 28, 2016. (ECF No. 61.) Accordingly, the filing fee will not be charged pursuant to Magistrate Judge Tinsley's October 25, 2016, order, which renders moot Plaintiff's current motion to waive the filing fee.

## *IV. Conclusion*

For these reasons, the Court **OVERRULES** Plaintiff's Objection, (ECF No. 63), **ADOPTS** the PF&R, (ECF No. 62), to the extent it is consistent with this Memorandum Opinion and Order, **GRANTS** Plaintiff's Motion to Dismiss, (ECF No. 61), **DENIES AS MOOT** Defendant's Motion to Dismiss, (ECF No. 58), and **DENIES AS MOOT** Plaintiff's Motion to Wave [sic] Filing Fee, (ECF No. 64). Further, the Court **DISMISSES WITH PREJUDICE** Plaintiff's Complaint

6

pursuant to Federal Rule of Civil Procedure 41(a)(2), and **DIRECTS** the Clerk to remove this action from the Court's docket.

    **IT IS SO ORDERED**.

    The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                      ENTER:      April 12, 2017

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE